**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

CA 08 76ML

| | | |
|---|---|---|
| **RICHARD H. PACHEKO, II,** | ) | |
| | ) | **Dkt. No.** ______ |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | |
| **THE HERTZ CORPORATION and HERTZ TRANSPORTING, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**NOTICE OF REMOVAL OF ACTION**
**UNDER 28 U.S.C. § § 1332(a) and 1441(a) (DIVERSITY)**

TO THE CLERK OF THE ABOVE ENTITLED COURT:

PLEASE TAKE NOTICE that Defendants THE HERTZ CORPORATION ("Hertz") and HERTZ TRANSPORTING, INC. ("HTI") (collectively "Defendants") hereby remove to this Court the state court action described below.

1. On or about December 26, 2007, an action was commenced in the Superior Court of Rhode Island, Providence, entitled *Richard H. Pacheco, II, v. The Hertz Corporation and Hertz Transporting, Inc.*, and assigned Case No. PC-07-7010 ("State Court Action"). Copies of the Summons and Complaint are attached hereto as Exhibit A. This represents all process, pleadings and orders served upon Defendant. Defendants are filing a Notice of Filing Notice of Removal in the Rhode Island Superior Court, a copy of which is attached hereto as Exhibit B.

2. Defendants have not filed, served or received any papers or pleadings in the State Court Action other than those attached to this Notice as Exhibits A and B.

3. Defendants were served with the Summons and Complaint on February 15, 2008.

4. This Notice is timely in that it is filed within thirty days of service of the Summons and Complaint on Defendants, which was the first time that Defendants ascertained that the State Court Action was removable under the diversity jurisdiction provisions of 28

U.S.C. § 1332(a), *et seq*. *See* 28 U.S.C. § 1446(b).

5. At the time of the filing of the State Court Action and at the time of removal, Defendants were and are Delaware corporations with their principal places of business in the State of New Jersey. Defendants were not and are not citizens of the State of Rhode Island. *See* Declaration of Krista Memmelaar (hereinafter "Memmelaar Decl.") ¶ 3 attached hereto as Exhibit C.

6. Both Hertz and HTI are corporations that do business in nearly all 50 states. The overwhelming majority of Hertz and HTI employees work in states other than Rhode Island, and both companies have the highest concentration of employees in California, Florida, Texas, Illinois, New York and Georgia, respectively. Memmelaar Decl. at ¶ 5.

7. The corporate headquarters for both Hertz and HTI are located in the State of New Jersey. Memmelaar Decl. at ¶ 3. Virtually all of Hertz's and HTI's executives who make strategic business decisions are found at the corporate headquarters in New Jersey, and no major policy decisions are made in the State of Rhode Island. Memmelaar Decl. ¶ 4. The core executive and administrative functions for both companies are carried out in New Jersey and, to a lesser extent, Oklahoma. Memmelaar Decl. ¶ 4. Hence, under the applicable "nerve center" test for determining a corporation's principal place of business, both Hertz's and HTI's principal place of business is the State of New Jersey – and not the State of Rhode Island.

8. Defendants are informed and believe, and on that basis allege, that Plaintiff Richard H. Pacheco, II, is, and at all material times was, a citizen of the State of Rhode Island.

9. Although Plaintiff's Complaint does not set forth a specific dollar amount in controversy, and notwithstanding Defendants' denial that Plaintiff is entitled to any recovery, the Complaint is still removable because the damages sought clearly exceed the $75,000 jurisdictional amount. Plaintiff in this case seeks: (1) compensatory damages, including his lost wages and benefits; (2) pain and suffering damages; (3) punitive damages; (4) attorney's fees; (5) costs; and (6) prejudgment interest at 12% per annum. With respect to punitive damages, which are recoverable under the Rhode Island Fair Employment Practices Act ("FEPA"),

R.I.Gen.Laws § 2-8-5-29.1, Plaintiff alleges defendants acted maliciously and callously. Plaintiff's second cause of action is brought pursuant to the Rhode Island Civil Rights Act, which provides for both compensatory and exemplary damages. R.I.Gen.Laws § 42-112-2. In the event Plaintiff secures a judgment in his favor in this matter, which Defendants deny he is entitled to recover, it is more likely than not that Plaintiff's damages under FEPA and the Rhode Island Civil Rights Act will exceed the $75,000 jurisdictional limit identified in 28 U.S.C. § 1332(a), exclusive of interest and costs. See Shoucair v. Brown Univ., 917 A.2d 418 (R.I. 2007) (affirming a $575,000 FEPA judgment for back pay and compensatory damages); see also Lieberman-Sack v. Harvard Comm. Health Plan of New England, Inc., 882 F.Supp. 249, 254 (D.R.I. 1995) (noting FEPA allows "for the recovery of compensatory and punitive damages in the case of intentional discrimination"); Sorenson v. Ashmore, 4 F.Supp.2d 669 (E.D.Tex. 1998) ($75,000 jurisdictional threshold met where complaint alleged one count of sexual harassment, one count of battery and one count of false imprisonment, punitive damages and attorney's fees); Bryant v. Wal-Mart Stores East, Inc., 117 F.Suppp.2d 555 (S.D.W.Va. 2000) (finding that punitive damages, which typically are substantially in excess of compensatory damages, serve to augment the amount in controversy); Pakledinaz v. Consolidated Rail Corp., 737 F.Supp. 47 (E.D.Mich. 1990) (jurisdictional threshold met where plaintiff sought damages to compensate for denial of promotions and better job positions, for future medical and health costs and for the psychological counseling she was allegedly forced to undergo).

10. Venue is properly placed in the United States District Court for the District of Rhode Island because it is the district court for the district and division within which the state action is pending (the Superior Court of the State of Rhode Island, Providence), in accordance with 28 U.S.C. § 1446(a).

11. Undersigned counsel certifies, in accordance with 28 U.S.C. § 1446(d), that concurrent with the filing and service of this Notice of Removal, Hertz has served notice of this removal upon Plaintiff's attorney of record, Mark P. Gagliardi, 111 Wayland Avenue, Providence, Rhode Island 02906. See Exhibit D Attached hereto.

12. Undersigned counsel further certifies, in accordance with 28 U.S.C. § 1446(d), that concurrent with the filing and service of this Notice of Removal, a copy of same, along with Defendants' "Notice of Filing of Notice of Removal in Federal Court" has been filed with the Clerk of the Superior Court of the State of Rhode Island.

13. By filing this Notice of Removal, Defendants do not waive any defenses that may otherwise be available to them.

For all of the foregoing reasons, Hertz and HTI respectfully submit that the State Court Action is removable to this Court under 28 U.S.C. §§ 1332(a) and 1441(a).

WHEREFORE, Defendants pray that this action stand removed from the Superior Court of the State of Rhode Island to this Court.

JOHN L. P. BREGUET, ESQ., #1896
Of Counsel, St. Peter & Kasle Incorporated
Four Richmond Square
Providence, Rhode Island 02906
Tel. 401-453-4330, Fax: 401-453-4333
e-mail: john@stpeterandkasle.com

**Counsel for The Hertz Corporation and Hertz Transporting, Inc.**

Dated: March 3rd, 2008

CERTIFICATION

I hereby certify that a copy of the within notice was sent to the plaintiff's attorney, Mark P. Gagliardi, 111 Wayland Avenue, Providence, R.I., 02906, postage prepaid, on this 3rd day of March, 2008.