# State of Rhode Island and Providence Plantations

## SUPERIOR COURT

[X] PROVIDENCE/BRISTOL [ ] KENT [ ] WASHINGTON [ ] NEWPORT

CIVIL ACTION, FILE No. 07-7010

RICHARD H. PACHECO, II
Plaintiff

THE HERTZ CORPORATION
HERTZ TRANSPORTING, INC.
Defendant

## *Summons*

serve:
CT Corporation System
10 Weybosset Street
Providence, RI 02903

(The Hertz Corporation)

*To the above-named Defendant:*

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon Mark P. Gagliardi, Esq. Plaintiff's attorney, whose address is 111 Wayland Avenue, Providence, RI 02906 an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you,exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

CLERK

A TRUE COPY ATTEST #6105
EDWIN J. SEMPER, JR.
CONSTABLE
DATE 2/5/08

Dated:

(Seal of the Superior Court)

S- 135 (REV. 10/00)

# State of Rhode Island and Providence Plantations

..Providence....................SC

## PROOF OF SERVICE

I hereby certify that on the ........................................ day of ................................................ I served a copy of this summons and a copy of the complaint received therewith upon ..........................................................................................

..........................................................................................................................................................

in the following manner:

By delivering a copy of the summons and complaint to him/her personally.

By leaving a copy of the summons and complaint at his/her dwelling house, ..................................................

................................................................................, with a person of suitable age and discretion then residing therein. (Address)

By leaving a copy of the summons and complaint at his/her usual place of abode, .........................................

................................................................................, with a person of suitable age and discretion then residing therein.

By delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process, namely ..........................................................................................

such agent being one designated by statute to receive service, further notice as the statute requires was given as follows:

..........................................................................................................................................................

..........................................................................................................................................................

..........................................................................................................................................................

Sheriff's Fees

Travel ........................ $..........................

Service ...................... $..........................

$..........................

..................................................................
Deputy Sheriff

CIVIL ACTION

FILE NO. ...07-7010.................

SUMMONS

SUPERIOR COURT

RICHARD H. PACHECO, II

VS

THE HERTZ CORPORATION

HERTZ TRANSPORTING, INC.

Mark P. Gagliardi

ATTORNEY FOR PLAINTIFF

NOTE: Returnable to Plaintiff's Attorney forthwith after service. Proof of service to be filed within time during which the person served must respond.

STATE OF RHODE ISLAND SUPERIOR COURT
PROVIDENCE, SC.

RICHARD H. PACHECO, II,
Plaintiff

vs. C.A. No. PC-07-7010

THE HERTZ CORPORATION,
HERTZ TRANSPORTING, INC.,
and any and all defendants,
Defendants

**COMPLAINT**

This is a claim by Plaintiff Richard H. Pacheco, II against his former employers, The Hertz Corporation and Hertz Transporting, Inc., for discrimination based on his disabilities.

**The Parties**

1. Plaintiff Richard H. Pacheco, II is a Rhode Island resident.

2. Defendant The Hertz Corporation is a corporation authorized to do business in the State of Rhode Island.

3. Defendant Hertz Transporting, Inc. is a wholly-owned subsidiary of The Hertz Corporation, and it is authorized to do business in the State of Rhode Island.



12-26-07
OSC

## Jurisdiction

4. The jurisdiction of this Court is invoked pursuant to R.I. Gen. Laws § 28-5-1 *et. seq.* and R.I. Gen. Laws § 42-112-1 *et.*

## Administrative Procedures

5. Prior to instituting this suit, Plaintiff filed a Charge of Discrimination against the defendants in the Rhode Island Commission for Human Rights.

## Statement of Facts

6. Plaintiff suffers from Tourette's Syndrome ("Tourette's"), a disability under Rhode Island law.

7. Plaintiff suffers from Attention Deficit Hyperactivity Disorder ("HDHD"), a disability under Rhode Island law.

8. On or about April 8, 2005, the Defendants hired Plaintiff as a transporter at their facility located at T.F. Greene Airport in Warwick, Rhode Island.

9. Defendants required Plaintiff to take a two-part, computer-administered safety test (the "Safety Test") as a condition of his employment.

10. On or about April 15, 2005, Defendants administered to the Plaintiff the first part of the Safety Test.

11. The computer terminal used to administer the first part of the Safety Test was located in a busy, noisy area of the office near a secretary's desk and, therefore, Plaintiff requested the use of headphones to block out the noise as he is easily distracted because of his disabilities.

12. The Defendants granted Plaintiff's request for a reasonable accommodation pursuant to his disabilities by allowing Plaintiff to use headphones while taking the first part of the Safety Test.

13. Plaintiff received a passing score on the first part of the Safety Test, while using headphones.

14. On or about April 19, 2005, Defendants administered to the Plaintiff the second part of the Safety Test, but failed to allow the Plaintiff to use headphones during the exam.

15. Plaintiff told the person administering the Safety Test to him that he suffers from Tourette's and HDHD and that he would be greatly disadvantaged by taking the exam without the use of headphones in such a busy, noisy area.

16. Despite Plaintiff's request for a reasonable accommodation pursuant to his disabilities, he was not allowed to use headphones for the second part of the Safety Test.

17. Plaintiff did not receive a passing score on the second part of the Safety Test, while not using headphones.

18. On April 19, 2005, the Defendants terminated Plaintiff's employment because he failed the second part of the Safety Test.

19. On or about April 12, 2006, Plaintiff filed a Charge of Discrimination timely with the Rhode Island Commission for Human Rights ("RICHR") claiming discrimination based on his disability, a copy of which is attached hereto as Exhibit "A."

20. On or about October 1, 2007, RICHR issued Mr. Pacheco a Notice of Right to Sue Letter, a copy of which is attached hereto as Exhibit "B";

**COUNT I**

**(Rhode Island Fair Employment Practices Act - Discrimination)**

21. Mr. Pacheco hereby restates and incorporates by reference paragraphs 1-20 of this Complaint.

22. By the foregoing acts and omissions, the Defendants have maliciously and callously violated the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws § 28-5-1 *et. seq.*, as amended, by discharging and otherwise discriminating against Mr. Pacheco with respect to the terms, conditions, and privileges of employment, based on his disabilities.

23. Mr. Pacheco has been harmed thereby.

**COUNT II**

**(Rhode Island Civil Rights Act of 1990)**

24. Mr. Pacheco hereby incorporates by reference paragraphs 1-23 of this Complaint.

25. By its conduct described herein, the Defendants impermissibly interfered with Mr. Pacheco's right to make, perform, modify and terminate contractual and/or employment relationships and her enjoyment of all benefits, terms, and conditions of said contracts and relationships, resulting in unlawful discharge based on his disabilities.

26. By its conduct described herein, the Defendants violated the Rhode Island Civil Rights Act of 1990, R. I. G. L. § 42-112-1 *et. seq.*

27. Mr. Pacheco has been harmed thereby.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff Richard H. Pacheco, II prays for the following relief:

a) Permanently enjoin the Defendants from violating the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws § 28-5-1 *et. seq.*, as amended; and the Rhode Island Civil Rights Act of 1990, R.I. Gen. Laws § 42-112-1 *et. seq.*;

b) Award compensatory damages for his loss of wages and benefits;

c) Award pain and suffering damages;

d) Award punitive damages, pursuant to R.I. Gen. Laws § 28-5-29.1, in an amount sufficient to punish the Defendants and to deter such unlawful actions in the future;

e) Award attorney's fees, pursuant to R.I. Gen. Laws § 28-5-24.1; and R.I. Gen. Laws § 42-112-3;

f) Award costs pertaining to the within litigation, pursuant to R.I. Gen. Laws § 28-5-24.1; and R.I. Gen. Laws § 42-112-3;

g) Award prejudgment interest at twelve (12) percent per annum pursuant to R.I. Gen. Laws § 9-21-10; and

h) Award such other and further relief as this Court deems just and proper.

Richard H. Pacheco, II
By His Attorney,

Mark P. Gagliardi (#6819)
111 Wayland Avenue
Providence, RI 02906
(401) 277-2030; (401) 277-2021 (fax)

**JURY TRIAL DEMAND**

Plaintiff hereby demands a jury trial for all issues so triable.

Mark P. Gagliardi (#6819)
111 Wayland Avenue
Providence, RI 02906
(401) 277-2030; (401) 277-2021 (fax)

# Exhibit "A"

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To: [X] FEPA [ ] EEOC

Agency(ies) Charge No(s):

Rhode Island Commission For Human Rights and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| Mr. Richard H. Pacheco, II | (401) 333-9852 | 08-24-1974 |

Street Address: 651 George Washington Highway, , RI

City, State and ZIP Code:

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| HERTZ CORPORATION | 101 - 200 | (201) 307-5170 |

Street Address: 225 Brae Boulevard, Park Ridge, NJ 07656

City, State and ZIP Code:

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

Street Address:

City, State and ZIP Code:

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

[ ] RACE [ ] COLOR [ ] SEX [ ] RELIGION [ ] NATIONAL ORIGIN

[ ] RETALIATION [ ] AGE [X] DISABILITY [ ] OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE

Earliest: 04-19-2005 Latest: 04-19-2005

[ ] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

1. I was subjected to discriminatory terms and conditions of employment, including denial of reasonable accommodation by my former employer, Hertz Corporation. I was employed as a transporter until my termination on or about April 19, 2005.

RECEIVED
APR 1 2 2006
RICHR

2. Respondent's stated reason for my termination was that they didn't think I could handle the fast paced work environment.

3. I believe I have been discriminated against on the basis of my mental disabilities (Tourette's Syndrome) and (Attention Deficit Hyperactivity Disorder) (ADHD) in that I was terminated solely because of my disabilities. On or about April 19, 2005, I was required to take the second part of a safety test for continued employment at respondent's TF Green Airport location. I requested a reasonable accommodation (use of headphones) to take the test due to the excessive noise at the terminal. Although I was able to take the first part of the test with the use of headphones, I was not granted the accommodation for the second part because the headphones could not be located and the area where I took the first test was unavailable. I was forced to take the test without the headphones and in a very noisy area. I had difficulty concentrating during the test. Upon grading my test, a supervisor (Larry) informed me that he would have to let me go because I did not score well on the second part of the test.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – *When necessary for State and Local Agency Requirements*

[signature] 4-12-06 Notary Public

I declare under penalty of perjury that the above is true and correct.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

[signature]

4-12-06 [signature]

Date — *Charging Party Signature*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*

STEVEN W. STRYCHARZ ID# 43821
MY COMMISSION EXPIRES 9/23/08

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>[X] FEPA<br>[ ] EEOC | Agency(ies) Charge No(s): |
|---|---|---|

Rhode Island Commission For Human Rights and EEOC

*State or local Agency, if any*

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I explained that I suffered from Tourette's Syndrome and ADHD and that was the reason I had requested the headphones. The supervisor proceeded to question me about my medications and my ability to drive. Although I explained to him that I was able to perform the essential functions of my position with or without a reasonable accommodation, I was fired ostensibly because he did not think I could handle the fast paced environment due to my disabilities. These actions are in violation of applicable state law.

RECEIVED
APR 12 2006
RICHR

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements*<br>4-12-06 NOTARY PUBLIC |
| I declare under penalty of perjury that the above is true and correct.<br>4-12-06 [signature]<br>*Date* *Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br>[signature]<br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*<br>STEPHEN W. STRYCHARZ ID 43xx<br>MY COMMISSION EXPIRES 9/23/08 |

# Exhibit "B"

Before the
STATE OF RHODE ISLAND
COMMISSION FOR HUMAN RIGHTS

RICHR NO. 06 EMD 269-23/50 EEOC NO. N/A

In the matter of

Richard H. Pacheco, II
Complainant

Against

**NOTICE OF RIGHT TO SUE**

Hertz Corporation
Respondent

This NOTICE OF RIGHT TO SUE is issued to the above cited complainant pursuant to Section 28-5-24.1(a) of the General Laws of Rhode Island because more than one hundred and twenty (120) days and less than two (2) years have elapsed since the charge was filed, the Commission is unable to secure a settlement or conciliation agreement, the Commission has not commenced hearings on a complaint and the complainant has requested a Right To Sue. With the issuance of the NOTICE OF RIGHT TO SUE, the Commission is terminating any further processing of this charge.

An information copy of this NOTICE OF RIGHT TO SUE has been sent to the persons indicated on the next page.

This NOTICE OF RIGHT TO SUE is issued at your request. If you intend to sue, YOU MUST DO SO WITHIN NINETY(90) DAYS FROM THE DATE OF THIS NOTICE: OTHERWISE YOUR RIGHT TO SUE IS LOST.

On Behalf of the Commission

10/1/07

Date

Michael D. Évora
Executive Director

*****************************************************************************

NOTICE OF RIGHT TO SUE
PAGE TWO

Section 28-5-24.1 of the General Laws of Rhode Island

(a) A complainant may ask for a right to sue in state court if not less than one hundred and twenty (120) days and not more than two (2) years have elapsed from the date of filing of a charge, if the Commission has been unable to secure a settlement agreement or conciliation agreement and if the Commission has not commenced hearing on a complaint. The Commission shall grant the right to sue within thirty (30) days after receipt of such request. This shall terminate all proceedings by the Commission and shall give to the complainant the right to commence suit in the superior court within any county as provided in Section 28-5-24 within ninety (90) days after the granting of such request. Any party may claim a trial by jury.

CC: Mark P. Gagliardi, Esq.
Fred Lerner, Esq.
CT Corporation System, agent
Craig Koch, President