**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **RICHARD H. PACHECO, II,** | ) | |
| | ) | **Dkt. No. 1:08-cv-00076-ML-LDA** |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | |
| **THE HERTZ CORPORATION and HERTZ TRANSPORTING, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

Come now Defendants The Hertz Corporation ("Hertz") and Hertz Transporting, Inc. ("HTI") (collectively "Defendants") and answer Plaintiff's Complaint as follows:

**FIRST DEFENSE**

Some or all of the Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Answering the numbered paragraphs of the Complaint, Defendants state as follows:

**The Parties**

1. To the best of Defendants' knowledge and belief, Plaintiff is a Rhode Island resident, and therefore, the allegations contained in Paragraph 1 of the Complaint are admitted.

2. Defendants admit the allegations contained in Paragraph 2 of the Complaint.

3. Defendants admit the allegations contained in Paragraph 3 of the Complaint.

**Jurisdiction**

4. Paragraph 4 of the Complaint contains a description regarding jurisdiction that requires neither admission nor denial, but to the extent said paragraph states or implies that Defendants violated any state or federal statute, regulation or law, said implications are denied. This court has diversity jurisdiction over this matter under 28 U.S.C. §§ 1332(a) and 1441(a).

**Administrative Procedures**

5. As for the allegations contained in Paragraph 5 of the Complaint, Defendants admit only that prior to filing this suit, Plaintiff filed a Charge of Discrimination against The Hertz Corporation with the Rhode Island Commission for Human Rights, but deny all other allegations contained in Paragraph 5.

**Statement of Facts**.

6. As for the allegations contained in Paragraph 6 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to whether Plaintiff suffers from Tourette's Syndrome. Defendants deny the remaining allegations/implications contained in Paragraph 6.

7. As for the allegations contained in Paragraph 7 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to whether Plaintiff suffers from Attention Deficit Hyperactivity Disorder. Defendants deny the remaining allegations/implications contained in Paragraph 7.

8. Defendants admit the allegations contained in Paragraph 8 of the Complaint.

9. As for the allegations contained in Paragraph 9 of the Complaint, Defendants admit only that Plaintiff was required to successfully complete a New Hire Safety Indoctrination Test that is administered via computer as a condition of his employment, but deny all other allegations/implications contained in Paragraph 9.

10. As for the allegations contained in Paragraph 10 of the Complaint, Defendants admit only that on or about April 13, 2005, Plaintiff began taking the New Hire Safety Indoctrination Test, but deny all other allegations/implications contained in Paragraph 10.

11. Defendants deny the allegations contained in Paragraph 11 of the Complaint.

12. As for the allegations contained in Paragraph 12 of the Complaint, Defendants deny Plaintiff ever requested a reasonable accommodation or that he used headphones while taking the New Hire Safety Indoctrination Test. Defendants deny all other allegations/implications contained in Paragraph 12.

13. Defendants deny the allegations contained in Paragraph 13 of the Complaint.

14. As for the allegations contained in Paragraph 14 of the Complaint, Defendants admit only that on April 19, 2005, Plaintiff completed the New Hire Safety Indoctrination Test after he failed to complete it on April 13, 2005, but deny all other allegations/implications contained in Paragraph 14.

15. As for the allegations contained in Paragraph 15 of the Complaint, Defendants admit only that after Plaintiff failed to obtain a passing score on the New Hire Safety Indoctrination Test he told the person administering the test that he suffered from ADD and Tourette's Syndrome, but deny all other allegations/implications contained in Paragraph 15.

16. Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17. As for the allegations contained in Paragraph 17 of the Complaint, Defendants admit only that Plaintiff did not receive a passing score on the New Hire Safety Indoctrination Test, but deny all other allegations/implications contained in Paragraph 17.

18. As for the allegations contained in Paragraph 18 of the Complaint, Defendants admit only that on or about April 19, 2005, Plaintiff's employment was terminated because he did not receive a passing score on the New Hire Safety Indoctrination Test, but deny all other allegations/implications contained in Paragraph 18.

19. As for the allegations contained in Paragraph 19 of the Complaint, Defendants admit only that on or about April 12, 2006, Plaintiff filed a Charge of Discrimination with the Rhode Island Commission for Human Rights claiming The Hertz Corporation discriminated against him based on an alleged disability, but deny all other allegations/implications contained in Paragraph 19.

20. Defendants admit the allegations contained in Paragraph 20 of the Complaint.

**Count I**

**(Rhode Island Fair Employment Practices Act – Discrimination)**

21. Answering Paragraph 21 of the Complaint, Defendants hereby incorporate and re-allege their responses to the allegations contained in Paragraphs 1 through 20 of the Complaint as if set forth herein.

22. Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint.

**Count II**

**(Rhode Island Civil Rights Act of 1990)**

24. Answering Paragraph 24 of the Complaint, Defendants hereby incorporate and re-allege their responses to the allegations contained in Paragraphs 1 through 23 of the Complaint as if set forth herein.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. The remainder of the Complaint consists of a prayer for relief for damages that requires neither admission nor denial. Defendants expressly deny that Plaintiff is entitled to any relief whatsoever on any of his claims and further deny that Plaintiff has set forth a viable claim for relief or that Defendants are liable to Plaintiff for damages on any of his claims.

29. Defendants deny each allegation contained in the Complaint not expressly admitted herein.

**<u>THIRD DEFENSE</u>**

All claims based on alleged violations of the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws § 28-5-1 *et seq.* ("FEPA"), and/or the Rhode Island Civil Rights Act, R.I. Gen. Laws 42-112-1 *et seq.* ("RICRA"), as to which Plaintiff failed to file charges or complaints of employment discrimination with the Rhode Island Commission for Human Rights are

untimely and fail to state a claim upon which relief may be granted.

**FOURTH DEFENSE**

All claims based on alleged violations of FEPA and/or RICRA as to which Plaintiff failed to file charges or complaints of employment discrimination with the Rhode Island Commission for Human Rights within one year of their occurrence are barred by FEPA and/or RICRA and fail to state a claim upon which relief may be granted.

**FIFTH DEFENSE**

All claims based on allegations that are beyond the scope of Plaintiff's charge of discrimination filed with the Rhode Island Commission for Human Rights are barred by FEPA and fail to state a claim upon which relief may be granted.

**SIXTH DEFENSE**

To the extent Plaintiff's Complaint was not filed within ninety (90) days of Plaintiff's receipt of a Rhode Island Commission for Human Rights Notice of Right to Sue, all claims arising out of the underlying charge are time barred.

**SEVENTH DEFENSE**

Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

**EIGHTH DEFENSE**

Upon information and belief, Plaintiff failed to mitigate his damages.

**NINTH DEFENSE**

To the extent Defendants discover during the course of this action that Plaintiff engaged in any conduct which would have warranted discharge under any company policy, Plaintiff's right to recover damages beyond the date of such discovery will be cut off.

**TENTH DEFENSE**

To the extend Defendants have suffered prejudice as a result of Plaintiff's failure to timely and/or diligently pursue claims against Defendants, said claims are barred or limited by the doctrine of laches.

**ELEVENTH DEFENSE**

To the extent Defendants breached any duty owed to Plaintiff, which they did not and which they expressly deny, such breach was not the cause of Plaintiff's damages.

**TWELFTH DEFENSE**

Plaintiff was discharged for legitimate, nondiscriminatory reasons unrelated to his alleged disability.

**THIRTEENTH DEFENSE**

Plaintiff was unable to perform the essential functions of the job, with or without reasonable accommodations.

**FOURTEENTH DEFENSE**

Defendants' actions toward Plaintiff were at all times taken in good faith.

**FIFTEENTH DEFENSE**

Because no discovery has yet occurred in this action, Defendants reserve the right to assert further defenses as appropriate.

WHEREFORE, Defendants pray that judgment be entered dismissing each and every Count of Plaintiff's Complaint, discharging Defendants, assessing Defendants' costs and attorney's fees against Plaintiff, and granting Defendants such other and further relief to which they may be shown to be entitled.

Dated: March 7th, 2008

/s/John L. P. Breguet
JOHN L. P. BREGUET, ESQ., #1896
Of Counsel, St. Peter & Kasle Incorporated
Four Richmond Square
Providence, Rhode Island 02906
Tel. 401-453-4330, Fax: 401-453-4333
e-mail: john@stpeterandkasle.com

**Counsel for The Hertz Corporation and Hertz Transporting, Inc.**

CERTIFICATION

I hereby certify that a copy of the within answer was filed electronically and is available for viewing and downloading from the ECF system. Additionally, a copy was sent to the plaintiff's attorney, Mark P. Gagliardi, via regular mail, 111 Wayland Avenue, Providence, R.I., 02906, postage prepaid, on this 7th day of March, 2008.

________________________________